TRANSIT CASUALTY COMPANY et al.,
Petitioner,

v.

Honorable Clyde ATKINS, Judge of the
United States District Court for the
Southern District of Florida, Respond-
ent (two cases).

Nos. 24191, 24192.

United States Court of Appeals
Fifth Circuit.

Feb. 9, 1967.

Rehearing Denied March 9, 1967.

James E. Tribble, Samuel J. Powers,
Jr., Miami, Fla., for petitioner.

James A. Dixon, Reginald L. Williams,
Miami, Fla., for respondent.

Before GEWIN and AINSWORTH,
Circuit Judges, and HUNTER, District
Judge.

PER CURIAM:

We have for consideration an applica-
tion for a writ in the nature of prohibi-
tion and mandamus [1] which seeks to have
set aside an order of the District Court
issued September 14, 1966 directing:
"Plaintiffs shall within ten (10) days
hereafter amend their Complaints so as
to include as parties Plaintiff all mem-
bers of the alleged class who have re-
tained counsel for the Plaintiffs to rep-
resent them in these two cases."

The facts underlying both of these
proceedings are: The complaints were
brought by two named parties plaintiff
and seek damages against Security
Trust Company, not only for themselves,
but presumably for the benefit of 24
other insurance companies allegedly sim-
ilarly situated. The complaints did not
state in what way the class members
were so numerous that joinder of all
was impracticable; nor was it alleged
what questions of law or fact were com-
mon as between the defendant, Security
Trust Company, and all the quasi plain-
tiffs; nor was it shown how a class ac-
tion was superior to other available
methods for the fair and efficient ad-
judication of the controversy. Security
Trust, in its answers, specifically denied
all allegations as to the alleged class
claimed to be represented; denied that
it was impracticable to bring all of the
alleged members of the class before the
court; and denied that the two party
plaintiffs fairly represented the inter-
ests of the entire class. In the course of
discovery, after answers were filed, the
attorneys for Security communicated by
letter with some of the 24 absent mem-
bers of the alleged class seeking infor-
mation as to their knowledge of having
been named as members. The communi-
cations also concerned the taking of dis-

1. 28 U.S.C.A. § 1651.

covery depositions. Thereupon, the attorneys for the plaintiffs notified Security's counsel to cease and desist communicating directly or indirectly with the clients represented by them. They filed before the district judge a motion to enjoin and prohibit any such communication, and in that motion charged counsel for defendant with unethical conduct in attempting to communicate directly with the absent members of the class. Presented with a claim by the attorneys for the plaintiffs that the attorney-client relationship existed between them and the non-party class members, and a charge of unethical conduct leveled at counsel for defendant, the Court had the problem of determining the jural relationship of the members of the class, not only to the plaintiffs but to each other, and to the subject matter of the litigation, as well as to the counsel for plaintiffs. In an apparent effort to assemble information to assist him in determining these relationships, the District Judge entered the order of September 14th. Plaintiffs argue that the writs should issue because the order requires the joinder of additional plaintiffs who are residents of the same state as the defendants, and that this will destroy diversity and will divest the federal court of jurisdiction.

 Irrespective of the correctness of the order below, it is apparent that this case is not in an appropriate stage for appellate review. The District Court is in the middle of a housekeeping operation. It has not reached a determination of the merits in any respect, and the order here sought to be reviewed does not define the rights of any party. It is not clear what the precise effect of the order will be on the outcome of the litigation, nor what subsequent steps the court will take. Only the subsequent decree, either dismissing the case or permitting them to proceed as a class action, will define their rights. Subject to well defined and enumerated statutory exceptions,[2] appellate review

is allowed only from final judgments.[3] This is an accepted and sensible policy and cannot be nullified by resorting to the "All Writs" section of the Judicial Code, 28 U.S.C.A. § 1651, except under "extraordinary" circumstances which are not present here. Evans Electrical Const. Co. v. McManus, (8th Cir., 1964), 338 F.2d 952; General Houses, Inc. v. Bruchhausen, (2nd Cir., 1958), 256 F.2d 674. Without in any manner, then, undertaking to determine whether the order complained of was correctly or incorrectly entered, but fully reserving our decision upon it when that question is properly before us, we deny the relief prayed for and dismiss the petitions.

2. 28 U.S.C.A. § 1292.

3. 28 U.S.C.A. § 1291.