**TRANSIT CASUALTY COMPANY, etc., et al., Plaintiffs-Appellants,**

v.

**SECURITY TRUST COMPANY, etc., et al., Defendants-Appellees.**

Nos. 29145, 29146.

United States Court of Appeals, Fifth Circuit.

April 1, 1971.

George P. Bowie, John D. Schneider, St. Louis, Mo., Blackwell, Walker & Gray, Samuel J. Powers, Jr., and James E. Tribble, Miami, Fla., for plaintiffs-appellants.

James A. Dixon, Reginald L. Williams, Dixon, Bradford, Williams, McKay & Kimbrell, P.A., and Sam Daniels, Miami, Fla., for appellee Security Trust Co.

John M. Allison, MacFarlane, Ferguson, Allison & Kelly, Tampa, Fla., for Broward Williams and W. E. Rountree.

Before BELL, DYER and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This is an appeal from an order of the District Court denying motions of plaintiffs for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Finding no error in the District Court's holding that the motions were not timely filed, we affirm.

Although the point for review is narrow, some eulogy may be appropriate, inasmuch as our decision will apparently deal a fatal blow to a cause which set forth over four years ago to recover damages in excess of $1,000,000, has thrice visited this Court, knocked once on the door of the United States Supreme Court, had the attention of two experienced trial judges, and has not once been brought to court on the merits.

## I.

In January, 1966, Transit Casualty Company, a Missouri corporation, and Charter National Insurance Company, an Arkansas corporation, filed two class actions seeking to recover trust funds which were allegedly dissipated by defendant, Security Trust Company, a Florida corporation, through acts of negligence and constructive fraud in the management and operation of another Florida corporation, McKinley and Company. Defendant Security was executor and trustee of the estate of John E. McKinley, Jr., deceased, and as such was sole stockholder of McKinley and Company.[1] The thrust of the claim concerned alleged misappropriation of insurance premium trust funds. The complaints were filed for plaintiffs' own use and for the use of some twenty-four other named insurance companies, who were alleged to constitute a class.

On September 14, 1966, the District Court ordered the plaintiffs to "amend their complaints so as to include as parties plaintiff all members of the alleged class who have retained counsel for the plaintiffs to represent them in these two cases."[2] This Order has been the source

---

1. McKinley and Company was in state court receivership. The receiver and deputy receiver were named defendants in the suit.

2. In June, 1966, defendant's attorney wrote letters to the insurance companies who were named plaintiffs as members of the class. The letters stated that the defendant had information that some members of the class had been named without their knowledge and consent, and inquired whether the respective company had given its consent to be so named. Plaintiffs' counsel, thereupon, sent a telegram to defendant's attorneys requesting them to stop communicating "with clients represented by their firm" in the lawsuit. The defendant's attorneys responded that they would do so if plain-

of plaintiffs' problems throughout this case.

Initially troubled by the September Order, plaintiffs sought to set it aside by an application to this Court for a writ in the nature of prohibition and mandamus, which was denied on the ground that the District Court's ruling was merely a "housekeeping" order, and was not subject to review at that stage of the proceeding. Transit Casualty Co. v. Atkins, 372 F.2d 441 (5th Cir. 1967). The plaintiffs then filed amended complaints naming a number of additional plaintiffs. On March 22, 1967, on defendant's motion the Court entered another order requiring the plaintiffs and their counsel to comply with the Court's September Order within 20 days. After extending the time an additional 30 days by stipulation, the defendant filed a motion to dismiss for failure to comply with the Order, on the ground that the attorneys for plaintiffs had claimed to represent three Florida corporations and they were not joined as plaintiffs. On July 13, 1967, the District Court dismissed the complaints with prejudice finding that plaintiffs had not complied with the Order of September 14, 1966. The dismissal was affirmed on appeal, with the modification that it be without prejudice. Transit Casualty Co. v. Security Trust Co., 396 F.2d 803 (5th Cir. 1968), reh. den. 399 F.2d 665 (1968), cert. den. 393 U.S. 1024, 89 S.Ct. 635, 21 L.Ed. 568 (1969). Pursuant to the mandate, the District Court entered an order dismissing the cases without prejudice on September 10, 1968.

## II.

On April 24, 1969, the plaintiffs served motions [2A] for relief under Rule 60(b)(6), F.R.Civ.P., asking the court to vacate its dismissal without prejudice and re-enter the judgments with leave to file amended complaints.[3] The motion was based on an alleged misunderstanding of the import of the Order of September, 1966, with respect to the phrase "to include as parties plaintiff all members of the alleged class who have retained counsel for the plaintiffs to represent them in these two cases." The plaintiffs contend that the Order had actually been complied with at the time that the court dismissed the case for lack of compliance, that the court would not have entered the dismissal had it known the true facts contained in the record, and that it should relieve the plaintiffs from the error by granting them leave to file amended pleadings and thus further maintain this action.

This appeal deals exclusively with the alleged error of the District Court in dismissing the motion as being untimely.

## III.

The first question is the determination of the date from which to measure the timeliness of plaintiffs' motion. The original order of dismissal was entered on July 12, 1967. Clearly the time for relieving the plaintiffs from that dismissal was the date of its entry, unless some rule of law or procedure extended the time.

tiffs' attorneys would show them written authorizations from the class members or give assurances of representation sufficient to permit discovery from the corporate officials without service of a subpoena. The plaintiffs then filed a motion to enjoin and prohibit the defendant's attorneys from communicating with plaintiffs represented by plaintiffs' counsel. It was in this factual setting that the Order of September 14, 1966, was entered.

**2A.** Although motions were filed in each case, for the sake of clarity they will be discussed hereafter as a single motion and our discussion is equally applicable to both cases.

3. The records of the District Court show the motion as being filed on July 1, 1969, and the District Court in its Order denying the motion recognized that date as the filing date. The plaintiffs contend that the date is erroneous and point to the date of service, April 24, 1969, as being correct. The discrepancy in the dates is immaterial to our decision in this matter.

■ Although plaintiffs appealed from the order of dismissal, such appeal does not toll the time for making a 60(b) motion. This is because such motion can be made even though an appeal has been taken and is pending. Corn v. Guam Coral Co., 318 F.2d 622 (9th Cir. 1963); Ferrell v. Trailmobile, Inc., 223 F.2d 697 (5th Cir. 1955); 7 Moore, Federal Practice, § 60.28[2] (2d Ed. 1970). If the appeal results in a substantive change, then the time would run from the substantially modified order entered on mandate of the appellate court. Federal Trade Commission v. Minneapolis-Honeywell Co., 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952). The decision of our Court on the appeal did not cause a substantive change in that the dismissal was merely changed to be without prejudice. As far as this suit was concerned, after the entry of the order on the mandate on September 10, 1968, the plaintiffs stood in the exact position as they did on July 12, 1967. As far as their claim was concerned, the appeal determined that the dismissal would not act as a bar to another suit in this or another forum, but as to pursuing the cause of action in this suit, the complaint remained dismissed. Changing a dismissal with prejudice to a dismissal without prejudice is not such a substantial substantive change as to renew the right of plaintiffs to bring a motion for relief under Rule 60(b), F.R.Civ.P., or extend their time for filing such a motion.

The District Court correctly held that the time for bringing the 60(b) motion for relief from the dismissal of the complaint began on July 12, 1967.

## IV.

The District Court treated plaintiffs' motion as having been brought under Rule 60(b) (1). As such it was clearly untimely because the rule specifically provides that such motions must be made "not more than one year after the judgment, order or proceeding was entered or taken." Even using plaintiffs' date

of service of April 24, 1969, the motion was filed over a year and nine months after July 12, 1967, and could not be considered by the court under Rule 60 (b) (1).

## V.

The final question then is whether the District Court properly treated the motion as being brought under Rule 60(b) (1) rather than under 60(b) (6) as designated by plaintiffs. The difference could be significant because while one year absolutely bars the 60(b) (1) motion, the 60(b) (6) motion can be made within a reasonable time, which plaintiffs argue could extend more than one year.

Rule 60(b), Federal Rules of Civil Procedure, provides as follows:

> *"Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. * * *"

■ The motion was based on an alleged misunderstanding of the import of the Order of September 14, 1966, with respect to the phrase "all members of the alleged class who have retained counsel for the plaintiffs to represent them in these two cases." The misunderstanding results from the words "retained" and "represent." Although the plaintiffs have continuously stated that they *represent* all members of the class, in-

cluding the Florida companies, which were not joined, they allege that they were *retained* only by the original plaintiffs. Therefore, they contend, the Order of September, 1966, was complied with since all members of the class who retained them were joined as plaintiffs, and thus the dismissal for failure to comply with the Order was erroneous.

We agree with the District Court that this is a typical case of mistake and nothing more. "Mistake," which as a common word should be given its common meaning, means to misunderstand the meaning or intention of something, or to misinterpret it. The misunderstanding as to the distinction between "retained" and "represented" falls squarely within the definition of "mistake."[4] Gila River Ranch, Inc. v. United States, 368 F.2d 354 (9th Cir. 1968).

It makes no difference whether the case was dismissed because the plaintiffs mistakenly thought they had complied with the Order, when in fact they had not, or because the court mistakenly thought they had not complied with the Order, when in fact they had. The ground for relief, if it were to be granted, would be that provided for by "mistake" in Rule 60(b) (1).

## VI.

■ Rule 60(b) (1) and Rule 60(b) (6) are not *pari passu* and are mutually exclusive. Rinieri v. News Syndicate Co., 385 F.2d 818 (2d Cir. 1967); 7 Moore, Federal Practice, ¶ 60.27[1] (2d Ed. 1970). The reason for relief set forth in Rule 60(b) (1) cannot be the basis for relief under Rule 60(b) (6).

Nevertheless, the District Court further considered whether any other rea-

sons brought plaintiffs within the broad equitable power of Rule 60(b) (6), which could be invoked to prevent extreme hardship or injustice. Barron & Holtzoff (Wright Edition) § 1330, p. 426 (1958). The Court determined that "the situation here is not the type that justifies such an extreme exercise of discretion." Our review of the record reveals no other reasons which would compel the court to exercise its discretion in granting relief or would show any abuse of discretion in denying relief.

Affirmed.

---

4. Although contending that these circumstances were something other than "mistake," the plaintiffs' brief continually referred to the matter in terms of mistake. Thus, they used the following phrases: "mistaken conclusion of the counsel," "mistakenly believed by counsel," "plaintiffs' counsel mistakenly maintained," "mistaken representation by counsel," "plaintiffs' counsel mistakenly informed the court that the September order required joinder of all members of the class." The synonyms "misunderstanding" and "misinterpretation" were also regularly used in the brief.