469 F.2d 1333
 Fed. Sec. L. Rep. P 93,670
John BERSHAD, Plaintiff-Appellee,
v.
Bernard P. McDONOUGH, Defendant-Appellant, and Cudahy
Company, Defendant-Appellee.
 No. 71-1655.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 26, 1972.
Decided Nov. 27, 1972.
 
 George L. Plumb, Chicago, Ill., Lawrence Milberg, New York City, for defendant-appellant.
 Henry C. Krasnow, John Hudson and Terence J. Anderson, Jerome H. Stein, Chicago, Ill., for plaintiff-appellee.
 Before CASTLE, Senior Circuit Judge, FAIRCHILD, Circuit Judge, and KILKENNY,* Senior Circuit Judge.
 CASTLE, Senior Circuit Judge.
 
 
 1
 Appellant Bernard P. McDonough appeals the denial of his motion under rule 60 of the Federal Rules of Civil Procedure to correct the dollar amount of a judgment previously entered against him under section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78p(b) (1970).
 
 
 2
 On June 23, 1969 the district court entered a judgment against McDonough which allowed the Cudahy Company to recover the $612,000 profit which McDonough apparently made on the purchase and sale of 272,000 shares of Cudahy common stock within a six month period when he beneficially owned more than 10% of the stock of that company. This court affirmed the judgment, Bershad v. McDonough, 428 F.2d 693 (7th Cir. 1970), cert. denied, 400 U.S. 992, 91 S.Ct. 458, 27 L.Ed.2d 440 (1971), and McDonough paid the $612,000 to the Cudahy Company on January 25, 1971.
 
 
 3
 On May 4, 1971, McDonough petitioned the district court for relief "pursuant to Rule 60 of the Federal Rules of Civil Procedure" because of a "clerical error" which he had just discovered concerning the number of Cudahy shares he had sold at a profit during the six month period.[1] McDonough's petition alleged that, before he had entered into the option agreement for the sale of 272,000 shares of Cudahy stock to U. S. Smelting, he had sold 10,000 of his shares to one William C. Lea at no profit to himself and had arranged to have Mr. Lea's 10,000 shares sold as part of the 272,000 shares called for in the option. Accordingly, the petition concluded, Cudahy Company should have recovered the profits on only the 262,000 shares McDonough had actually sold at a profit, and, because he and his counsel had previously been too involved with the complexities of the litigation to notice the error, the judgment should now be reduced by $22,000 to compensate for this "clerical error."
 
 
 4
 The answer which plaintiff Bershad filed to this petition disputed whether McDonough had committed what could be called a "clerical error," and suggested that even if the petition were actually alleging the discovery of new evidence, the facts alleged would not entitle the defendant to relief under rule 60. It also argued that McDonough's attorney had been apprised of the sale of the 10,000 shares to Lea during the taking of a deposition at least six months prior to the entry of judgment, and suggested that McDonough's silence about the 10,000 shares was a calculated attempt to mislead both this court and the Supreme Court during the direct appeal of the original judgment against him.[2]
 
 
 5
 The district court summarily denied defendant's petition on May 28, 1971, and this appeal followed.
 
 
 6
 The question on this appeal is whether the trial court abused its discretion by denying the correction of its judgment against McDonough or at least an evidentiary hearing on the matter. Brennan v. Midwestern United Life Insurance Company, 450 F.2d 999, 1003 (7th Cir. 1971). Although the district court intimated no grounds for denying the defendant's petition, we find that the defendant has presented no arguments to convince us that this denial was an abuse of discretion.
 
 
 7
 Initially, we note that the characterization of the defendant's failure to discover or notify the court concerning the actual number of shares which he sold cannot be called a "clerical error" so as to invoke the operation of rule 60(a). It is settled that this rule applies only to an error of transcription, copying, or calculation, and not to a fundamental failure of discovery or notification. West Virginia Oil & Gas Co. v. Breece Lumber Co., 213 F.2d 702 (5th Cir. 1954), 6A Moore's Federal Practice Sec. 60.06 at 4057-58 (2d Ed. 1970). The district court's denial of McDonough's petition as an assertion of "clerical error" was certainly correct. Apparently recognizing this, defendant has sought to avail himself of subsection (b) (1) of rule 60 in this court by his assertions about "inadvertent error":
 
 
 8
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .
 
 
 9
 A motion under rule 60(b)(1), by the terms of the rule itself, can only be made within one year after the judgment has been entered. The taking of an appeal does not extend this one year period. Transit Casualty Company v. Security Trust Company, 441 F.2d 788, 791 (5th Cir.), cert. denied, 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971). Since the final judgment was entered on June 23, 1969 and defendant McDonough's petition was not filed until May 4, 1971, twenty-two months afterwards, we find that even if there were grounds for relief under rule 60(b), plaintiff's petition was not filed within the allowed time.[3]
 
 
 10
 Nor do we believe that the facts of this case entitle defendant to relief under rule 60(b)(1), even if his petition were timely. Bershad's original complaint which commenced this litigation specifically alleged that defendant McDonough had sold and realized the profits on 272,000 shares of Cudahy Company common stock pursuant to an option granted to U. S. Smelting. Instead of pleading in his answer that Mr. Lea was responsible for the sale of 10,000 of the shares or that Lea had been paid the profits on 10,000 shares, McDonough admitted receiving full payment for the 272,000 shares on September 27, 1972 pursuant to an option agreement (a copy of which he attached to his answer) in which he explicitly warranted that he owned 272,000 shares. Even if McDonough had somehow forgotten about the sale of the 10,000 shares to Lea or had decided not to tell his counsel of the sale of these shares, this would not support his argument that the district court abused its discretion. Neither ignorance nor carelessness on the part of a litigant or his attorney will provide grounds for rule 60(b) relief. Hoffman v. Celebrezze, 405 F.2d 833 (8th Cir. 1969); Greenspahn v. Seagram & Sons, 186 F.2d 616 (2d Cir. 1951); Kahle v. Amtorg Trading Corp., 13 F.R.D. 107 (D.N.J.1952). And the record indicates that McDonough was reminded and his counsel was notified of the sale to Lea during the taking of a deposition on February 10, 1969, months before the final judgment was entered.
 
 
 11
 Because of the above facts, the running of the one year limitation for bringing a rule 60(b)(1) petition, and the fact that the plaintiff sought relief only for his own "clerical error" in the district court, we find that the district court did not abuse its discretion by denying defendant relief under rule 60.
 
 
 12
 Affirmed.
 
 
 13
 KILKENNY, Senior Circuit Judge (specially concurring):
 
 
 14
 If I did not feel foreclosed by Transit Casualty Co. v. Security Trust Co., 441 F.2d 788 (CA5 1971), cert. denied 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971), and similar authorities, holding that an appeal does not extend the one year limitation mentioned in Rule 60(b) (1), F.R.Civ.P., I would remand for a hearing on appellant's contention that he was completely unaware of the error in computation until sometime subsequent to the satisfaction of the judgment entered on the original appeal.
 
 
 15
 No one should be permitted to take advantage of this type of error and be unjustly enriched to the extent of $25,000.00 or more. Appellant says he did not know of the error during the course of the appeal. Consequently, he was in no position to apply to the appellate court for a remand to the district court to consider his then unknown claim. During the course of the appeal, the district court was powerless to amend the judgment under Rule 59, F.R.Civ.P., or to vacate, alter or amend the judgment under Rule 60(b), F.R.Civ.P., except with permission of the appellate court. 7 Moore Federal Practice, Sec. 60.30, footnote 3, Sec. 60.32, footnote 6. In these circumstances, the one year limitation should not apply.
 
 
 
 *
 Senior Circuit Judge John F. Kilkenny of the Ninth Circuit is sitting by designation
 
 
 [1]
 Although McDonough's petition did not specify which section of rule 60 he was relying upon, if any, his assertion of a "clerical error" apparently referred to section (a) of the rule, which provides:
 (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
 
 
 [2]
 Bershad supported this argument by noting that McDonough had submitted copies of reports filed with the Securities Exchange Commission as attachments to his rule 60 petition which showed that McDonough had sold the 10,000 shares to Lea. These same reports showed McDonough identifying himself as "Beneficial Owner of 10% or More of the Company's Common Stock." Yet on direct appeal, McDonough argued that his beneficial holdings did not exceed 10% because half of the shares he had acquired were bought with his wife's funds and held in her name. To admit the existence of the reports filed with the S.E.C. at the same time he was making such an argument, Bershad suggested, would have placed McDonough in an uncomfortable position
 
 
 [3]
 We treat defendant McDonough's arguments on this appeal concerning his "inadvertent error" as falling within subsection (b)(1) of rule 60. For this reason, defendant cannot argue the application of subsection (b)(6) to his situation in an attempt to avoid the one year time limitation. Rules 60(b)(1) and 60(b)(6) are mutually exclusive so that they both cannot apply to the same alleged factual situation. Transit Casualty Company v. Security Trust Company, 441 F.2d 788, 792 (5th Cir.), cert. denied, 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971)