**NATIONAL BANK OF JOLIET,**
Plaintiff,

v.

**W. H. BARBER OIL CO., et al.,**
Defendants.

No. 74 C 2725.

United States District Court,
N. D. Illinois.

Nov. 13, 1975.

James J. Reidy, James J. Reidy, Ltd., Chicago, Ill., for petitioners-defendants.

Samuel K. Skinner, U. S. Atty., Floyd Babbit, Asst. U. S. Atty., Chicago, Ill., for defendant-respondent United States.

Robert H. Schenk, Schenk, Andreano, Duffy & Quinn, Joliet, Ill., for plaintiff-respondent National Bank of Joliet.

MEMORANDUM    OPINION

*Petition For Rehearing*

MAROVITZ, Senior District Judge.

I. *Introduction*

This cause began as an interpleader action filed by the National Bank of Joliet in the Circuit Court of the Twelfth Judicial Circuit in Will County, Illinois, and was removed to the federal court after an amended complaint was filed in the state court naming the United States as one of the fourteen parties defendant. In its interpleader action the National Bank of Joliet, as a disinterested stakeholder, sought an adjudication of the relative priorities of the various interests asserted by the numerous defendants in the proceeds it held from the assets of the Carnaghi Oil Company.

The United States moved for summary judgment after it had lodged a claim in the amount of $147,373.77 based on tax liens against Carnaghi Oil, and claimed priority over all other creditor claims pursuant to 26 U.S.C. §§ 6321, 6322 and 6323.

Though petitioners in this action, W. Starr Johnston and First National Bank of Joliet as Trustee, as well as all other parties defendant, were aware of and

were included in the proceedings before this Court, the only opposition to the United States' motion for summary judgment was filed by the National Bank of Joliet, wherein it sought $4,012.50 for payment of attorneys' fees. In a Memorandum Opinion filed by this Court on July 11, 1975, 36 A.F.T.R.2d 75-5148 (N.D.Ill.1975), we granted the government's motion for summary judgment and denied the National Bank of Joliet's request for attorneys' fees.

On September 18, 1975, more than two months after this Court's dispositive opinion, and after the National Bank of Joliet had paid $79,197.42 to the United States pursuant to this Court's directive, defendants W. Starr Johnston and the First National Bank of Joliet, as Trustee under the Last Will and Testament of Frank Carnaghi, Deceased, moved pursuant to Rule 60(b) F.R.Civ.P. for a rehearing on the government's motion for summary judgment.

## II. *Petition For Rehearing*

Petitioners allege that in 1970, at a time when they owned the capital stock of the Carnaghi Oil Company, a liquidation agreement was entered into between Carnaghi Oil and the Leach Oil Company whereby the assets of Carnaghi would be transferred to Leach for the sum of $251,800, which would be paid into an account at the National Bank of Joliet. Petitioner/Defendant W. Starr Johnston alleges that in connection with this agreement he was contacted by representatives of the National Bank of Joliet and was told that if he signed a release and consented to the liquidation agreement, he would receive a pro rata share of the proceeds of the sale. Johnston further alleges that the Bank representatives told him that the Internal Revenue Service had acquiesced to the plan.

Based upon these representations, Johnston states that he consented to the sale of Carnaghi Oil to Leach Oil, and that thereafter Leach Oil paid the National Bank of Joliet approximately $250,000 as the purchase price.

Petitioners allege first, that the entire sale agreement was invalid for lack of proper shareholder approval; and second, assuming validity, that the Bank acted in contravention of its oral representations and in violation of its fiduciary responsibilities by improperly applying $120,694.72 of the purchase price to prior debts owed by Carnaghi Oil, to the detriment of various creditors, including petitioners.

The claimed basis for the motion for rehearing, therefore, is that the National Bank of Joliet improperly depleted the funds subject to the interpleader action prior to the filing of its amended complaint, and that the figures presented to this Court by the Bank did not accurately reflect the true amount of money which should be subject to creditor claims.

Both the National Bank of Joliet and the United States have filed pleadings in opposition to the motion for rehearing, and have hotly contested the factual allegations which provide the basis for petitioners' motion. The sole matter we need determine at this point, however, is whether a rehearing is appropriate under the standards set forth in Rule 60(b).

## III. *Rule 60(b)*

Rule 60(b) F.R.Civ.P. provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other conduct of an adverse party

. . . or (6) any other reason justifying relief from the operation of the judgment.

Petitioners contend that any neglect on their part in failing to raise their present claims at some earlier point in the course of these proceedings is excusable under subsection (1) in light of the Bank's alleged failure to fully inform this Court of all relevant factors relating to the monies it held, and that rehearing would be proper in any event under subsection (6), based upon the factual issues presented in the petition. We disagree with petitioners and hold that a rehearing is inappropriate.

Contrary to petitioners' assertions, this Circuit has held that "Rules 60(b)(1) and 60(b)(6) are mutually exclusive so that they both cannot apply to the same alleged factual situation." *Bershad v. McDonough,* 469 F.2d 1333, 1336 n. 3 (7th Cir. 1972), citing, *Transit Casualty Company v. Security Trust Company,* 441 F.2d 788, 792 (5th Cir.), *cert. denied,* 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971). Viewed as either a (b)(1) or (b)(6) motion, however, the petition must be denied.

■ While we are cognizant of the trend toward liberal construction and application of Rule 60(b) generally, in order to bring a petition within the limited area of Rule 60(b)(6), the petitioner must establish the existence of extraordinary circumstances which prevented or rendered him unable to present the matter earlier. *Ackerman v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L. Ed. 207 (1950); *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729 (7th Cir.), *cert. denied,* 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1971). Petitioners have made no such showing here. Indeed, it is rather curious that the same diligence which has now uncovered the allegedly "new" information could not have discovered it at an earlier date when

the matter was squarely before this Court on numerous occasions.

■ Rule 60(b) motions are addressed to the discretion of the Court, *Altman v. Connally,* 456 F.2d 1114, 1116 (2nd Cir. 1972); *Wilkin v. Sunbeam Corp.,* 466 F.2d 714, 717 (10th Cir.), *cert. denied,* 409 U.S. 1126, 93 S.Ct. 940, 35 L.Ed.2d 258 (1972); *Torockio v. Chamberlain Mfg. Co.,* 56 F.R.D. 82, 86 (W.D.Pa.1972), *aff'd,* 474 F.2d 1340 (3rd Cir. 1974), and the burden of establishing proper grounds for such relief rests upon the movant. We find petitioners' rationale for their allegedly "excusable neglect" to be far short of the standard required by Rule 60(b)(1), even when that subsection is read with great liberality.

In *Bershad v. McDonough, supra,* 469 F.2d at 1337, the Seventh Circuit was faced with a situation where a party had failed to inform his attorney of the complete factual bankground relating to his case. Upon a challenge to this Court's refusal to grant a Rule 60(b) rehearing, the Seventh Circuit stated:

> Even if McDonough had somehow forgotten about the sale of the 10,000 shares to Lea or had decided not to tell his counsel of the sale of these shares, this would not support his argument that the district court abused its discretion. Neither ignorance nor carelessness on the part of a litigant or his attorney will provide grounds for rule 60(b) relief. *Hoffman v. Celebrezze,* 405 F.2d 833 (8th Cir. 1969); *Greenspahn v. Seagram & Sons,* 186 F.2d 616 (2d Cir. 1951); *Kahle Amtorg Trading Corp.,* 13 F.R.D. 107 (D. N.J.1952).

Thus, whatever the actual reason for petitioners not informing their counsel of this matter earlier, their failure to do so will not provide grounds for Rule 60(b) relief.

Further, we note that aside from the direct involvement of petitioner John-

ston in the Carnaghi Oil agreement, petitioners' supporting affidavit of Ms. Ball is dated July 9, 1973, more than two years prior to the original Memorandum Opinion issued by this Court, and at a time well after the commencement of this action. Ms. Ball's affidavit reflects quite clearly that at that time petitioners as well as their then counsel were well aware of the facts which they now assert to be grounds for rehearing.

Petitioners' negligence in not presenting these claims to the Court in a timely manner is not grounds for Rule 60(b) relief. Accordingly, petitioners' motion for rehearing is denied.