862 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mable A. REDIC, Plaintiff-Appellant,
v.
Gary H. WATTS, Realty Co., and David S. Schwartz, Defendant-Appellees,
and
Shirley E. SCHWARTZ, Defendant.
Mable A. REDIC, Plaintiff-Appellee,
v.
Gary H. WATTS Realty Co., and David S. Schwartz, Defendant-Appellants,
and
Shirley E. SCHWARTZ, Defendant.
 Nos. 86-3824, 86-3869.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 20, 1988.
Decided Nov. 2, 1988.
 
 Ralph C. Clontz, Jr. (Clontz and Clontz on brief) for appellants.
 Louis L. Lesesne, Jr. (Gillespie & Lesesne on brief) for appellee.
 Before DONALD RUSSELL and CHAPMAN Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This appeal and cross-appeal present a continuation of the controversies we thought had been laid to rest by our opinion in Redic v. Gary H. Watts Realty Co., et al., 762 F.2d 1181 (4th Cir.1985), in which we reversed Redic's recovery under the Truth in Lending Act, 15 U.S.C. Sec. 1601 et seq., against David S. Schwartz, and we affirmed the jury verdict in favor of Redic in the amount of $1,944 against David S. Schwartz for usury under the pendent claim brought pursuant to the North Carolina Usury Statute, NC Gen.Stat. Sec. 24-2 (1965). Immediately after the filing of our opinion, Redic moved for a new trial, pursuant to F.R.Civ.P. 59(b), based upon after discovered evidence. This motion was denied and Redic has appealed (86-3824).
 
 
 2
 The district court, after deciding that it would resolve questions that it found to have been left open by our mandate, solicited proposed forms of judgment from the attorneys, and on January 10, 1986, entered a judgment that required defendants to convey the real estate known as 827 Woodside Avenue, Charlotte, North Carolina to Redic by a general warranty deed, upon payment to them by Redic of $3000. This judgment further ordered defendants to release any security they had on said real estate. Defendants appealed this judgment (86-3869). We affirm the denial of the motion for a new trial, and we reverse all of the judgment that grants relief to the plaintiff under the North Carolina Usury Statute, except the monetary amount of $1,944 with interest, which has already been paid.
 
 
 3
 * On March 9, 1984, the district court entered a final judgment, after a jury verdict, awarding Redic a civil penalty of $1,000 under the Truth in Lending Act, and allowing Redic to rescind the transaction under Sec. 125 of the Act, 15 U.S.C. Sec. 1635(a), upon payment by Redic to Schwartz of $1,056 representing the loan principal remaining due, plus $2,258 representing a refund to the defendants of the mortgage payments made by the defendants during the pendency of the action. The judgment also provided a recovery by the plaintiff of $1,944 under the North Carolina Usury Statute. By a separate order the district court also awarded Redic counsel fees and cost.
 
 
 4
 On May 9, 1985, our court reversed in part and affirmed in part the judgment of the district court. Redic, supra, 762 F.2d at 1187. We reversed the relief granted to Redic under the Truth in Lending Act, but affirmed the monetary damages awarded to her under the North Carolina Usury Statute.
 
 
 5
 On May 21, 1985, Redic filed a motion in the district court pursuant to F.R.Civ.P. 59(b), based upon alleged newly discovered evidence. This evidence was an affidavit by Virginia Rinehardt and a handwritten note of David Schwartz. The affidavit stated that a transaction entered into between Rinehardt and Schwartz was a loan and not a conveyance of real estate with an option to repurchase. The note of Schwartz appeared to confirm that the Rinehardt transaction was a loan. This motion for a new trial was not accompanied by a legal memorandum in support thereof or any explanation as to why a new trial should be granted. However, Redic's attorney had subsequently argued that this evidence would show a fifth real estate transaction involving Schwartz and this would be sufficient to show that he was a "creditor" within the meaning of the Truth and Lending Act, and thereby revive the action under the Truth in Lending Act.
 
 
 6
 The day after filing the motion for a new trial, Redic's attorney filed in this court a petition for rehearing and a suggestion for rehearing en banc. No mention was made in the petition or supporting papers of the "newly discovered evidence". The Rinehardt affidavit is dated May 11, 1984, and it is obvious that it had been in the possession of Redic's attorney for at least a year prior to the making of the motion for a new trial. On June 5, 1985, this court denied the petition for a rehearing and the suggestion for rehearing en banc. Thereafter Redic filed a petition for writ of certiorari in the Supreme Court and this was denied on October 21, 1985.
 
 
 7
 On December 18, 1985 the district court denied Redic's motion for a new trial, and in the same order, the district court directed that the parties tender to the court a form of judgment by December 27, 1985. On January 10, 1986, the district court entered a judgment in which it dismissed the plaintiff's claims under the Truth and Lending Act with prejudice, and ordered the defendant Schwartz to pay the plaintiff the sum of $1,944 with interest, being the amount found by the jury as damages for usury under the North Carolina statute. The court further found that the transaction had been determined to be a loan rather than a sale, and the plaintiff was entitled to receive under N.C.Gen.Stat. 45-36.3(a), a satisfaction of and release from the outstanding security on her home, once she had paid the principal on the loan, and the court ordered the defendants to release its security and convey the property to the plaintiff by general warranty deed upon payment by the plaintiff of the sum of $3,000. The court further ordered that the escrow agent release to the defendants the actual documented amounts expended by the defendants, since March 6, 1983 for mortgage payments to the holder of the first mortgage and for taxes and insurance, and that the escrow agent deliver the balance remaining in the account to the plaintiff. The court further found that its requirement for the conveyance of the real estate from defendant to plaintiff under N.C.Gen.Stat. 45-36.3(a) had been objected to by the defendants because it deviated from the mandate of the Fourth Circuit, but the court found that this order directing conveyance "simply resolves questions left open by that mandate." On February 10, 1986, Redic filed a notice of appeal stating that she was appealing from the January 10, 1986 judgment and the December 18, 1985 order which denied her motion for a new trial.
 
 
 8
 The defendants filed a Petition for a Writ of Mandamus to vacate the final judgment entered by the district court on January 10, 1986, and seeking a return of $50,000 in municipal bonds defendants were ordered to post on July 16, 1984, as supersedeas bond for their appeal to this court. By order of April 14, 1986, we directed the district court to immediately return the municipal bonds posted as a supersedeas bond for the appeal and we denied the request to set aside the order of January 10, 1986, without prejudice to the defendants' right to seek such relief through direct appeal. The defendants then noticed a cross appeal which is presently before the court.
 
 II
 
 9
 The defendants have moved to dismiss the plaintiff's appeal from the order denying her motion for a new trial upon the grounds that such motion is time barred and that the appeal is frivolous.
 
 
 10
 The motion for a new trial was made pursuant to F.R.Civ.P. 59(b), which requires that the motion be served not later than ten days after the entry of judgment. The original district court judgment was entered March 9, 1984, and the new trial motion was not served until May 20, 1985, which was shortly after the filing of the circuit court opinion on May 9, 1985.
 
 
 11
 The motion for a new trial was denied by the district court on December 18, 1985, but the final judgment of the district court, which had the effect of changing the March 9, 1984 judgment was not filed until January 10, 1986, and Redic's Notice of Appeal was filed February 10, 1986.
 
 
 12
 Moore's Federal Practice explains the language of Rule 59(b) as to the time for filing a new trial motion: "This wording is designed to be broad enough to permit the motion to be made before and after the entry of judgment." 6A Moore, 2d Ed. p 59.09 at 59-221. Thus, Redic's May 21, 1985 motion could be found timely with respect to the January 10, 1986 judgment. The December 18, 1985 order specifically denied the motion for a new trial, but it was an interlocutory order and not immediately appealable. The final order ending the case in the district court was that of January 10, 1986. It is the general rule that if an appeal results in a substantial change, "[t]he time would run from the substantially modified order entered on mandate of the appellate court." Transit Casualty Co. v. Security Trust Co., 441 F.2d 788, 791 (5th Cir.1971), cert. denied 404 U.S. 883 (1971). The mandate from the Court of Appeals did substantially change the original judgment of the district court, so the time for making a motion for a new trial under Rule 59(b) would run from January 10, 1986, the date of the filing of the district court judgment following the mandate of the appellate court. Since the new trial motion may be made before entry of judgment and it was made not later than ten days after the entry of the judgment, it was timely. The Notice of Appeal was given within thirty days of the entry of such judgment, which denied the new trial motion and it was timely.
 
 III
 
 13
 An appellate court is reluctant to dismiss an appeal as frivolous, if it has any arguable merit. Redic's appeal borders on frivolousness, and while we do not dismiss as such, we find that oral argument will not aid the decisional process, and we have heretofore relieved the parties of filing formal briefs, because the record already contains numerous and adequate legal memoranda.
 
 
 14
 Motions for a new trial based on newly discovered evidence are within the discretion of the trial court. The newly discovered evidence presented by Redic are a short, handwritten note from David Schwartz to Mr. and Mrs. Willie Rinehardt stating that the deed from Rinehardt to Schwartz was for security purposes only and that the property would be reconveyed upon payment; and an affidavit of Clyde Virginia Rinehardt, dated May 11, 1984, stating that she and her husband had a transaction with David Schwartz that was actually a loan, but at Schwartz's insistence, it was structured as a sale and required a deed form Rinehardt to Schwartz as security for the loan.
 
 
 15
 Redic contends that these documents are sufficient to show that Schwartz extended consumer credit, secured by a dwelling, at least five times in the year prior to the Redic transaction, and thus the Truth in Lending Act is applicable. Redic also contends that this evidence refutes the testimony of Schwartz that the Rinehardt transaction was a sale. We find the affidavit and note to be of little value because of the September 30, 1985 affidavit of Clyde Virginia Rinehardt, which explains the circumstances of the giving of her May 11, 1984 affidavit and largely recants this prior affidavit and explains the import of the Schwartz handwritten note.
 
 
 16
 Also, North Carolina lais clear in this area as we explained in Redic I, 762 F.2d at 1186,
 
 
 17
 the intention [to create a mortgage] must be established, not by simple declaration of the parties, but by proof of the facts and circumstances dehors the deed, inconsistent with the idea of an absolute purchase; otherwise, solemnity of deeds would always be exposed to the slippery memory of witnesses.
 
 
 18
 The evidence, newly presented by the plaintiff, does not have the force necessary to cast doubt on the transaction and does not satisfy the six factors we identified in Redic I as being pertinent in determining whether a transaction is a sale or a loan.
 
 
 19
 The district court in denying the new trial motion did not mention the second Rinehardt affidavit, although it had been filed for three months prior to the district court decision. However, the district court found the new evidence to be "more impeaching than substantive, more cumulative than fresh ...". On the record we can find no abuse of the district court's discretion in these findings or in its denial of the motion.
 
 IV
 
 20
 The defendants have filed a cross appeal from the January 10, 1986 judgment of the district court, and they claim that such judgment in ordering defendants to convey to Redic the real estate known as 827 Woodside Avenue, Charlotte, North Carolina, is contrary to the mandate of our court. This question was first presented in the defendants petition for a writ of mandamus seeking to vacate the January 10, 1986 judgment. In denying the writ, we refused at that time to decide whether the district court judgment was in conflict or in violation of our opinion in Redic I, and we suggested that this issue was best handled by appeal.
 
 
 21
 In Redic I we reversed the district court judgment on the Truth in Lending Act cause of action. The reversal voided all relief that had been granted under this cause of action, and this included the $1,000 penalty, the attorney's fee and expenses, and the injunction ordering the defendants to convey 827 Woodside Avenue, Charlotte, North Carolina, to the plaintiff Redic.
 
 
 22
 In Redic I we affirmed the $1,944 monetary damage award under the North Carolina Usury Statute, and this amount, plus interest, has now been paid by Schwartz to the plaintiff. At no place in Redic I did we indicate that the case was being remanded to the district court for any further proceedings. We affirmed on one cause of action, and we reversed on the other, and except for payment of damages and cost, the case was ended. The district court in its January 10, 1986 judgment states
 
 
 23
 [t]he judgment simply resolves questions left open by that [Court of Appeals] mandate.
 
 
 24
 This is a misconception by the district court because our opinion and mandate left no open or unanswered questions for district court action.
 
 
 25
 Acting upon this misconception, the district court ordered the defendants to convey the aforementioned real property to the plaintiff by general warranty deed. The district court granted this as further relief under the North Carolina Usury Statute, even though no claim for such relief was made in the complaint, and all recovery under the North Carolina Statute had been paid to the plaintiff and the case concluded.
 
 
 26
 In Stamper v. Baskeville, 724 F.2d 1106, 1107 (4th Cir.1984), we clearly set forth what a district court may do and what it may not do following receipt of the mandate from the Court of Appeals.
 
 
 27
 Once a case has been decided on appeal and a mandate issued, the lower court may not 'vary it [the mandate] or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.'
 
 
 28
 (quoting from In re Sanford Fork & Tool Co., 160 U.S. 247, 255-56, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895)).
 
 
 29
 In the present case our opinion and the mandate were clear and unequivocal--recovery on one cause of action had been reversed, and the monetary award on the other cause action had been affirmed. No matters were left open by the mandate. The defendant's payment, pursuant to the jury verdict, of $1944 together with accumulated interest, and the terms of our mandate end this case.
 
 
 30
 AFFIRMED AS TO DENIAL OF NEW TRIAL ONLY, AND REVERSED.