AVON PRODUCTS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 86-04-00503

(Decided August 23, 1989)

*Siegel, Mandell & Davidson (Laurence M. Friedman)* for the plaintiff.
*Stuart E. Schiffer,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(James A. Curley)* for the defendant.

MEMORANDUM DECISION AND ORDER

TSOUCALAS, *Judge:* This motion is brought by plaintiff pursuant to Rule 60(b) or, in the alternative, Rule 59(e) of the Rules of the United States Court of International Trade for an Order setting aside the order of dismissal issued in this Court on July 12, 1989 and to restore the case to the Suspension Disposition Calendar, Court No. 85-11-01552 and to remain there an additional six months up to and including January 31, 1990. Plaintiff states that the dismissal in this case was the result of inadvertence and mistake.

## Background

The summons in this case was filed on April 18, 1986, and the case was suspended thereafter under the test case of *Bantam Travelware, Div. of Peter's Bag Corp.* v. *United States*, Court No. 85–11–01552.

This Court decided the test case of *Bantam Travelware, Div. of Peter's Bag Corp.* v. *United States* on December 3, 1987. An appeal was taken from said decision, and the United States Court of Appeals for the Federal Circuit affirmed this Court's opinion on October 4, 1988. *See* 11 CIT 893, 679 F. Supp. 8 (1987), *aff'd,* 858 F.2d 742 (Fed. Cir. 1988).

On February 24, 1989, plaintiff in this case submitted a motion for an extension of time within which the case may remain on the captioned Suspension Disposition Calendar. Plaintiff at that time requested that an order be granted so that the time within which this case may remain on the captioned Suspension Disposition Calendar be extended from February 28, 1989 up to and including August 31, 1989. The Court issued an order on February 27, 1989 extending the time from February 28, 1989 up to and including June 22, 1989.

On July 12, 1989, the case was dismissed by the Court since nothing was done by the plaintiff to remove the case from the Suspension Disposition Calendar, as required. Plaintiff now moves to set aside the order of dismissal and to restore this case to the Suspension Disposition Calendar of Court No. 85–11–01552 and for a six-month extension of time for the case to remain thereon. Plaintiff states that the dismissal in this case was the result of inadvertence and mistake.

## Discussion

Rule 60(b) of the Rules of the United States Court of International Trade permits a party to be relieved from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is not longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In the absence of any acceptable excuse for plaintiff's inaction and noncompliance with this Court's order of February 27, 1989, and the fact that plaintiff has failed to demonstrate any mistake,

inadvertence, surprise, or excusable neglect that would justify relief from the dismissal in this case under Rule 60(b), the dismissal should not be set aside and the case not restored to the Suspension Disposition Calendar. To do so would be to allow defaulting plaintiff to escape the consequences of its inaction simply by asserting that there was mistake or inadvertence. No reason has been given by plaintiff for its inaction. Plaintiff was well aware of the time factors involved in this case since it has been notified and had made application to extend the time within which this case should remain under the captioned Suspension Disposition Calendar. This Court's order, dated February 27, 1989, specifically extended the date within which the case may remain on the captioned Suspension Disposition Calendar from February 28, 1989 up to and including June 22, 1989. The time granted was less than that requested by plaintiff, therefore, putting it on notice that action should be taken to remove the case from the Suspension Disposition Calendar. Plaintiff failed to take any action and the case was dismissed on July 12, 1989.

In order to qualify for Rule 60(b)(1) relief, the "movant must demonstrate that he has a meritorious defense *and* that arguably one of the four conditions for relief applies—mistake, inadvertence, surprise or excusable neglect." *Universal Film Exchanges, Inc.* v. *Lust,* 479 F.2d 573, 576 (4th Cir. 1973) (emphasis in original). Neither ignorance nor carelessness on the part of a litigant or his attorney provides grounds for relief under Rule 60(b)(1). *Bershad* v. *McDonough,* 469 F.2d 1333, 1337 (7th Cir. 1972); *see also United States* v. *Cirami,* 535 F.2d 736 (2nd Cir. 1976).

In light of the above, the plaintiff's motion, pursuant to Rule 60(b), for an order setting aside the order of dismissal issued by this Court on July 12, 1989 and to restore this case to the Suspension Disposition Calendar, is denied.

Counsel also requests, in the alternative, that the case be restored to the calendar pursuant to Rule 59(e) of the Rules of this Court. Rule 59(e) of the Rules of the United States Court of International Trade specifically reads that a "motion to alter or amend the judgment shall be served not later than 30 days after the entry of the judgment." Nothing in the papers submitted by plaintiff indicates that plaintiff is entitled to any relief under Rule 59(e). Therefore, the motion to restore the case to the calendar pursuant to Rule 59(e) is hereby denied in all respects.

## MOTION DENIED