[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15675
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cv-00094-WTM-GRS

ROBERT PIERCE,

Plaintiff-Appellant,

versus

OFFICER PAT KYLE,
Pembroke Police Department,
CITY OF PEMBROKE,
JUDY COOK,
Mayor of Pembroke,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 22, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Pierce, proceeding pro se, appeals the district court's denial of his motion for relief from judgment, filed pursuant to Fed.R.Civ.P. 60(b), with respect to the court's previous dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to complete timely service of process.  On appeal, Pierce argues that he is entitled to relief under Rule 60(b)(1) and (4), because the magistrate judge erred by recommending that his complaint be dismissed "with prejudice."  After thorough review, we affirm.

We generally review the denial of a Rule 60(b) motion for abuse of discretion.  Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).  However, we review de novo a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void, "because the question of the validity of a judgment is a legal one."  Id. (quotation omitted).

Rule 60(b) motions allow a party to be relieved from a judgment due to: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with due diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed or vacated; or (6) any other reason justifying relief from the operation of the judgment.  Fed.R.Civ.P. 60(b).  The time requirement for the filing of a Rule 60(b) motion allows for a filing within a "reasonable time," or for reasons in Rule

2

60(b)(1), (2), and (3), within one year of judgment. Fed.R.Civ.P. 60(c). This one-year limitation is not tolled by filing an appeal. Transit Cas. Co. v. Security Trust Co., 441 F.2d 788, 791 (5th Cir. 1971).[1] If the appeal results in a substantive change, however, then the time would run from the substantially modified order entered on mandate of the appellate court. Id. A determination of what constitutes a reasonable time depends on the circumstances in an individual case, and in making the determination, courts should consider "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner." BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275-76 (11th Cir. 2008) (quotation omitted).

Rule 60(b)(4) allows a party to move for relief from a "void" judgment. Fed.R.Civ.P. 60(b)(4). Rule 60(b)(4) applies only where: (1) the court that rendered judgment lacked even an "arguable basis" for exercising jurisdiction; or (2) the judgment was premised on a due process violation that deprived a party of notice or the opportunity to be heard. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and that, "absent such relief, an extreme and unexpected hardship will result." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (quotations omitted).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions that were issued before October 1, 1981.

Even under exceptional circumstances, the decision of whether to grant the requested relief is a matter for the district court's sound discretion. Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000). The defendant "must demonstrate a justification so compelling that the [district] court was required to vacate its order." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (quotation omitted).

The district court did not abuse its discretion in denying Pierce's Rule 60(b) motion. To the extent that Pierce's motion was premised on Rule 60(b)(1)-(3), his motion was time-barred because he waited approximately 14 months after the district court's judgment dismissing his complaint to file his instant Rule 60(b) motion. Moreover, contrary to his assertion, his appeal to this Court did not toll the one-year limitations period, nor did his appeal result in a substantive change that would have restarted the one-year period to file a timely Rule 60(b) motion. See Transit, 441 F.2d at 791.

Pierce also is not entitled to relief under Rule 60(b)(4) or (6). His primary argument on appeal appears to be that the district court improperly dismissed his complaint with prejudice for failure to perfect service, pursuant to Rule 4(m). In the first instance, Pierce fails to adequately explain why he did not raise this argument in his initial appeal to this Court, or why he waited more than a year before raising this argument in his instant Rule 60(b) motion, even though he was

4

aware of the district court's dismissal of his complaint at the time the court issued its ruling on April 5, 2011.  Given his lack of diligence in filing the motion and his failure to provide an explanation for the delay, Pierce has not demonstrated that his motion was filed within a reasonable time.  See Fed.R.Civ.P. 60(c).

In any event, even considering his argument on the merits, he failed to show that he was entitled to relief.  As we noted in Pierce's prior appeal of the dismissal of his complaint, because Pierce did not complete service on the defendants within 120 days of the filing of his complaint, it was proper for the district court to dismiss the action without prejudice.  The district court, however, failed to specify in its order whether the dismissal was with or without prejudice.  Nevertheless, the dismissal was under Rule 4(m), which only allows for dismissal of the action without prejudice.  See Fed.R.Civ.P. 4(m); Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1342 n.5 (11th Cir. 2005) (noting that, under Rule 4(m), a district court may only dismiss an action for failure to serve process without prejudice).  Therefore, contrary to Pierce's assertion, his complaint was not dismissed with prejudice because the district court lacked the authority to effect such a dismissal.  In sum, the district court did not err in denying Pierce's Rule 60(b) motion, and we affirm.

**AFFIRMED.**