413 So.2d 246 (1982)
B. M. ALBRECHT ELECTRIC, INC.
v.
Claude GRIFFIN, et al.
No. 12778.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Writ Denied May 28, 1982.
Jerald N. Andry, Gilbert V. Andry, III, New Orleans, for defendant-appellant.
Before GULOTTA, LOBRANO and CIACCIO, JJ.
LOBRANO, Judge.
This litigation involves the interpretation of an oral contract between a general contractor (Appellant, Claude Griffin) and a *247 sub-contractor (Appellee, B. M. Albrecht Electric, Inc.). Specifically, Griffin claims he contracted with Albrecht to perform the electrical work on a renovation job for the total price of $3,500.00, where as Albrecht contends his contract was on a time and materials basis. The trial court rendered judgment in favor of Albrecht in the amount of $1,169.75, and Griffin perfected this appeal.
Griffin and Albrecht met sometime in late August, 1978, at Griffin's home to discuss the job. There were no witnesses present. Griffin testified that he explained the specifications of the job to Albrecht, and that Albrecht agreed to do the job for a total price of $3,500.00. Albrecht contends that he was not furnished exact specifications at the time of this meeting and told Mr. Griffin he would do the job on a "time and materials" basis (T.13), his profit coming from the labor charges and a mark-up on materials. He denies ever having agreed to a total price contract. Shortly thereafter, Albrecht began work on the job, and although the record is unclear of the exact date, he was paid $3,500.00. At that point, the job was approximately 50% complete, and Albrecht was informed there would be no further payments. He, then, refused to perform any further work, and on March 14, 1979 submitted a bill for his labor and materials totaling $5,169.75. Griffin paid an additional $500.00 towards this statement, thus leaving a balance of $1,169.75.[1] He refused to pay anything further, and Albrecht filed this suit.
The sole issue on appeal is whether there was manifest error in the trial court's finding that payment under the contract was on a time and materials basis. The contract was not reduced to writing, and therefore the manner of proving its existence and terms is governed by Article 2277 of the Civil Code which provides:
"All agreements relative to movable property, and all contracts for the payment, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by another competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved by at least one credible witness, and other corroborating circumstances." La.C.C. Art. 2277

Further, the party claiming the execution of a contract must prove same. Likewise, the party claiming payment or exoneration must prove the extinction of the obligation. La.C.C. Art. 2232.
In Bordlee v. Pat's Construction Co., Inc., 316 So.2d 16 (La.App. 4th Cir. 1975) at p. 17 we stated.
"In all such civil matters plaintiff must carry the burden imposed upon him by a preponderance of the evidence. This simply means that viewing the evidence as a whole the existence of a fact is more probable than its nonexistence. Lombard v. Sewerage & Water Board of New Orleans, 284 So.2d 905 (Supreme Court 1973); Marcotte v. Travelers Insurance Co., 258 La. 989, 249 So.2d 105 (1971); Hanover Insurance Co. v. Jacobson-Young, Inc., 294 So.2d 564 (La.App. 4th Cir. 1974)."
Our jurisprudence has allowed the requirement of "one credible witness" to be satisfied by the plaintiff alone as long as other corroborating circumstances are shown. Corroborating circumstances under Article 2277 need only be general and need not support or prove every detail of plaintiff's case. Samuels v. Firestone Tire and Rubber Co., 342 So.2d 661 (La.1977). The trier of fact has much discretion in determining what evidence is corroborative of plaintiff's case. In the instant case it is clear to this court that the trial court did not abuse its discretion in this regard. The fact that Albrecht was not given complete plans and specifications prior to the job, as well as the statement he submitted and the partial payment by Griffin all constitute corroborating evidence.
*248 The findings of the trial court are entitled to great weight, and should not be disturbed unless manifestly erroneous. We should not substitute our own evaluations of credibility and inferences of fact for those of the trial court where the latter's opinions are substantiated by the evidence before us. Canter v. Koehring, 283 So.2d 716 (1973); Arceneaux v. Domingue, 365 So.2d 1330 (1978).
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] In the statement itself, Albrecht gave Griffin credit for the initial $3,500.00 paid, thus leaving a statement balance of $1,669.75.