477 So.2d 907 (1985)
Otis ANDERSON d/b/a Minuteman Press
v.
Raymond J. NAMIAS, d/b/a Ray's Collision Shop.
No. CA-3190.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1985.
*908 Jesse S. Guillot, New Orleans, for appellant.
Gerald R. Cooper, New Orleans, for appellee.
Before REDMANN, C.J., and CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
The dispute which forms the basis of this lawsuit arose when Raymond J. Namias (Namias), d/b/a Ray's Collision Shop refused to pay the balance owed to Otis Anderson (Anderson) d/b/a Minute Man Press for 15,000 flyers printed pursuant to an earlier purported agreement between the parties. Anderson sued Namias, and the trial court granted judgment in the amount of $1,121.33, the unpaid balance of the account. Namias appeals that judgment asserting that there was no valid contract since the price was not agreed upon, that he did not consent to have the flyers printed and the flyers were of a poor quality.
Namias is the owner of an automobile shop located in New Orleans. The evidence shows that he and his employee, Miss Powers, went to Anderson's shop to negotiate for the printing of some 180,000 flyers. Anderson testified he informed Namias and Miss Powers of the approximate price for this quantity. The order ultimately placed was for 15,000 flyers, and Anderson required a deposit of "approximately one-half" the total price. Namias admits this. A deposit of $800.00 was given to Anderson so that printing could commence.
Miss Powers gave Anderson photographs which were to be used in printing the flyers. Anderson testified he informed Powers that the photos were of poor quality, and would not be very clear when reproduced on the flyers. According to Anderson, she gave approval to proceed anyway. A proof was made, given to Miss Powers who returned it shortly thereafter with certain corrections made thereon. Namias testified he never saw the proof, nor did he give Powers the authority to approve the job.
*909 The first batch of flyers were picked up at Anderson's shop by Namias' mother-in-law and Miss Powers. There was no objection by anyone as to their quality, although Namias claims he never saw them. They were placed in the mail to potential customers.
The final batch was delivered to Namias' shop by Mrs. Anderson who testified that, when she arrived, Miss Powers and others were placing flyers in envelopes for mailing. After presenting Namias with the invoice for the balance due, a disagreement arose as to whether he had 30 or 90 days to pay the balance. Mrs. Anderson called her husband, and after he and Namias had a brief conversation, Mrs. Namias, at her husband's request gave Mrs. Anderson a check for $1,121.33, the balance due. The remaining flyers were mailed out, however Namias stopped payment on the check. When Anderson called about the check, Namias informed him that he was not satisfied with the quality, and he understood he was to be given ninety days for payment.
Namias argues to this Court that he did not consent to have the flyers printed, nor did he agree on the price. La.Civil Code Article 2439 provides:
"The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself. Three circumstances concur to the perfection of the contract, to wit: The thing sold, the price and the consent."
In Benglis Sash and Door Co. v. Leonards, 387 So.2d 1171 (La.1980) our Supreme Court stated:
"C.C. Art. 2439 defines the contract of sale and states the circumstances which must concur for the perfection of the contract. Thus, the contract of sale is perfected when one party consents to give a certain thing for a price in money and the other consents to give the price in order to have that thing. Although there must be consent to give and to accept a price, it is not essential that the specific sum of the sales price be stated at the time of contracting. The parties can agree that the price may be ascertained by computation or that the price may be fixed by arbitration. Or the parties can consent to buy and to sell a certain thing for a reasonable price, and when they do, the contract of sale has been perfected. The essential thing is that there be a meeting of the minds (as opposed to a disagreement) as to price." Id. at 1172, 1173.
In the instant case, the evidence clearly shows that Namias was fully aware that the deposit he gave was approximately one-half of the total invoice.[1] Furthermore, Namias admitted he was aware the flyers were being printed. He provided the necessary photographs to Anderson, monitored the progress of the job and mailed out the flyers as soon as they were received. Under these circumstances we must agree with the trial judge that there was clearly a meeting of the minds as to price and consent.
Namias further argues that Anderson failed to meet the burden of Civil Code Article 1846 which provides:
"When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances."
Interpreting this Article[2] in B.M. Albrecht Electric v. Claude Griffin, 413 So.2d 246 (La.App. 4th Cir.1982), we stated:
"Our jurisprudence has allowed the requirement of `one credible witness' to be *910 satisfied by the plaintiff alone as long as other corroborating circumstances are shown. Corroborating circumstances under Article 2277 need only be general and need not to support every detail of plaintiff's case. The trier of fact has much discretion in determining what evidence is corroborative of plaintiff's case." Id. at 247.
We are satisfied that the testimony of Anderson, his wife and Namias himself all satisfy the "one credible witness" requirement. Furthermore the fact that the materials were accepted by Namias, mailed out by his employees, that he gave a check in payment and admitted at least negotiating with Anderson all corroborate the testimony given. We find no merit in this argument.
Namias finally argues that the work was of poor quality. We disagree. His employee, Miss Powers, was told the quality of the work would be lessened because of the poor photographs, yet she gave instructions to Anderson to proceed anyway. The flyers were in fact delivered and mailed without complaints from Namias or his employees. Only when Anderson made inquiry as to why a stop payment order was issued on the check did Namias complain about the quality. Furthermore, Anderson's expert testified that the quality of the printing was the best that could be expected from the photographs provided.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Appellant to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] Anderson testified, and Namias agreed, that a deposit of $800.00 to $1,000.00 would be required. This would indicate the price would be between $1,600 and $2,000. The actual price was $1,921.33.
[2] Article 1846 replaced former Article 2277 which had the same requirements with respect to proof of contracts in excess of $500.00.