KLEES, Judge.
Defendant, W.P. “Buster” Bishop, was the owner of a colt named “Top Avenger.” In April of 1980, defendant hired plaintiff, Dwight Viator, as a trainer of the thoroughbred. Defendant and plaintiff entered into an oral contract that defendant would pay plaintiff a per diem training fee of $28.00 to $30.00 plus veterinary and shoeing bills and ten percent of the horse’s winnings.
Plaintiff alleged that defendant was interested in selling “Top Avenger,” a stakes horse, so they entered into another oral contract. The contract called for plaintiff to receive a ten percent commission for the sale of the horse plus one share of the syndicated interest, as additional compensation for training services. In July of 1981, defendant sold the stakes horse to a Mr. Franks for the sum of $300,000.00 plus retention of seventy-five percent of the breeding rights.
Plaintiff filed suit against defendant for failure to pay plaintiff the ten percent commission from the sale of the horse and failure to give plaintiff his one share of the syndicated interest. Defendant answered the suit and reconvened for $52,000.00, alleging that plaintiff owed defendant: $4,000.00 for the purchase price of a horse “Patrol Girl,” and $48,000.00 for personal expenses that defendant paid for plaintiff.
Trial was held on June 18, 1985. The trial court held in favor the plaintiff for the $30,000.00 (ten percent of the sale price); however, it dismissed plaintiffs claim for one share of the syndicated interest and defendant’s reconventional demand. Defendant now appeals, contending that the trial court was manifestly erroneous in finding that defendant promised to pay plaintiff ten percent of the sale price of the horse. We conclude there was no manifest error and affirm.
When an oral contract has been entered into for a price or value greater than five hundred dollars, the contract need only be proved by at least one witness and other corroborating circumstances. C.C. Art. 1846. A party to the suit may qualify as the “one credible witness” required by La.C.C. Art. 1846. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977); Strecker v. Credico Financial, Inc., 444 So.2d 783 (La.App. 4th Cir. 1984); B.M. Albrecht Electric, Inc. v. Griffin, 413 So.2d 246 (La.App. 4th Cir.1982). Plaintiff’s testimony as to the substance of the contract would satisfy the required proof by one credible witness. Our courts have further held that the corroboration need not be “independent proof of every detail of the witness’s testimony,” but need only “general corroboration.” Samuels, supra; Strecker, supra.; Albrecht, supra. In the case at hand, there was much testimony as to general corroboration of the oral contract. All the witnesses agreed that it was a custom for people in the horse industry to enter into oral contracts. It was also the testimony of Mr. Posterue, who was accepted as an expert in the horse industry, that it was a custom for a trainer of a stakes horse to receive 10% of the sale price of the horse. The law has been well *1230 settled that the court may look to custom in the industry to supply a missing term to a contract. La.C.C. Art. 2005; Porter v. Johnson, 408 So.2d 961 (La.App. 2nd Cir. 1981), writ denied, 412 So.2d 99 (La.1982).
Further testimony of general corroboration was given by Beatrice Viator and Glenda White, who testified that at a meeting in Chicago, defendant told plaintiff that he would receive ten percent of the sale price of the horse. Miss White also testified that at a meeting in Arkansas, defendant mentioned that plaintiff would get a good percentage if the horse was sold. After the horse had actually been sold, Miss White testified that defendant told her that he would be back in three days to pay plaintiff his percentage of the sale. Although Mr. Marshall did not hear defendant specifically agree to pay plaintiff ten percent, he did testify that defendant assured Mr. Mar-shall that plaintiff would be well taken care of. Marshall also added that prior to the sale of “Top Avenger,” plaintiff assured him that plaintiff was to be well taken care of, and that he would receive $30,000.00 from the sale.
In the instant case, the court rendered its judgment after hearing and considering the testimony of nine witnesses. The trial judge found that there was ample evidence to support the factual findings of an oral contract. The requisite proof to establish an oral contract were met by the testimony of plaintiff. The other corroborating circumstances were established, by the testimony of the other witnesses that the contract existed. As the trial judge was in the best position to determine the credibility of witnesses, when two opposing witnesses testify contrarily to one another on matters of fact, the court may properly believe one and disbelieve the other, and this finding of fact will not be disturbed on appeal. Carter v. Belle Chasse State School, 451 So.2d 63 (La.App. 4th Cir.), writ denied, 458 So.2d 120 (La.1984). Findings of fact by the trial judge should only be disturbed when there is a positive showing that such findings are manifestly erroneous upon the face of the record. Lewis v. Variste, 422 So.2d 222 (La.App. 4th Cir.1982); Molenaar v. McGill Manufacturing Co., Inc., 410 So.2d 869 (La.App. 4th Cir.), writ denied, 414 So.2d 1251 (La. 1982). After reviewing the record and finding no manifest error, this court affirms the decision of the lower court.
AFFIRMED.