Herman J. SMITH and Shirley B. Smith, Plaintiffs–Appellants,

v.

NICKLOS DRILLING COMPANY and Compass Insurance Company, Defendants–Appellees.

No. 87–3071.

United States Court of Appeals, Fifth Circuit.

April 5, 1988.

Rehearing and Rehearing En Banc Denied May 23, 1988.

Estelle E. Mahoney, Louis J. St. Martin, Houma, La., for plaintiffs-appellants.

H. Lee Lewis, Jr., Ross, Griggs & Harrison, Houston, Tex., for defendants-appellees.

Before THORNBERRY, GEE and POLITZ, Circuit Judges.

GEE, Circuit Judge:

Once again we address one of our Court's prime recurring issues: has a particular injured worker been permanently assigned to or performed a substantial part of his work on a vessel so as to qualify to sue as a seaman under the Jones Act? Fashioning a bright line rule has troubled our court, *see Barrett v. Chevron, U.S.A., Inc.,* 781 F.2d 1067 (5th Cir.1986), but the facts presented here do not approach the lenient line that we have drawn. We therefore affirm summary judgment for the defendant.

### Facts

Appellant Herman Smith worked for several years as a mechanic for Nicklos Drilling Company aboard a floating barge rig known as Nicklos Rig No. 20. When No. 20 was retired from service in October 1983, Smith was reassigned to a land rig; and three weeks later he was injured on that rig while attempting to repair an air hose. About the time of his injury, two new barge rigs had just been purchased and put into service by Nicklos to replace Rigs No. 20 and No. 21.

### Discussion

Smith contends that the two newly-purchased rigs constituted part of Nicklos' "fleet of vessels" and that, because he had been more or less permanently assigned to Nicklos' fleet, he was a crewman on that fleet when injured. We address this contention after a brief discussion of the law that controls our inquiry.

In *Offshore Company v. Robison,* 266 F.2d 769 (5th Cir.1959), Judge Wisdom laid down for our court a two-pronged test for determining seaman status. The first prong requires that at the time of the injury, "the injured workman was *assigned permanently* to a vessel ... or performed a *substantial part* of his work on the vessel." 266 F.2d at 779 (emphasis added).

Where the underlying facts are undisputed and the record reveals "no reasonable evidentiary basis to support a jury finding that the injured person is a seaman ... under the Jones Act," summary judgment

is procedurally appropriate. *Beard v. Shell Oil Co.*, 606 F.2d 515, 517 (5th Cir. 1979). As for the substantive law of sometime seamen, we have held that:

> [T]he employee must be a seaman at the time his claim arises; the fact that he was once a seaman and that either he or his employer intend some day for him again to become one do not suffice to tint with blue water status all the events that happened in between, however remote in time and place from a vessel past or a vessel future.

*Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 453 (5th Cir.1980).

Appellant urges us to read *Barrett* as erasing the above holdings of *Guidry*. To the contrary, *Barrett* confirms them, reflecting upon the problem of a worker drifting in and out of Jones Act coverage. Under the "substantial part of work" standard of the *Robison* test, a case outcome could be altered by the time frame within which the court elects to assess "substantial part." As *Barrett* notes, if a worker's *regularly assigned duties* during a year's period require him to be on a vessel only twenty percent of the time, then the circumstance that he was injured on a vessel does not permit a finding that he was a crewmember under the Jones Act, even though he happened to have worked on the vessel for a week before the accident. 781 F.2d at 1076. This ruling pertains to assaying a regular assignment, however, and has no application where *new* assignments are concerned.

*Barrett* underscores this important distinction:

> If the plaintiff receives a new work assignment before his accident in which either his essential duties or *his work location is permanently changed,* he is entitled to have the assessment of the substantiality of his vessel-related work made on the basis of his activities in his new job.

781 F.2d at 1075–76 (emphasis added).

The above passage controls this case. Neither of Smith's assignments required him to divide his time between vessel and land; rather, both his work location and status were permanently changed when the floating rig on which he had worked was decommissioned. Smith argues that the permanency of this change should have been a fact for the jury to decide. The permanency, however, was undisputably established when the old barge rig was finally removed from service; he was never to return to the status of crewmember on that vessel.

Smith also suggests that we should view his work as essentially a permanent assignment to a "fleet of vessels": while one is being decommissioned and two new ones are about to be put into service, his landside assignment does not cost him his seaman status. This argument poorly characterizes Smith's regularly assigned duties before the accident. Smith had not been assigned to a fleet of vessels; he had worked on one vessel for several years. Unlike cases where we look to see if the worker is moved frequently from vessel to vessel within a fleet so as to qualify the worker as a crewman on a "vessel", Smith had been permanently assigned to one barge rig which was removed from service. He was then reassigned to a land rig. It necessarily follows that Smith's regular assignment was changed when Nicklos Rig No. 20 was decommissioned.

Smith cites *Savoie v. Otto Candies, Inc.*, 692 F.2d 363 (5th Cir.1982) as support for his argument that his assignment to a land rig, and injury thereon, should not disqualify him from seaman status. In *Savoie*, a worker who had been injured in a non-work related accident came back to work on a vessel when his doctor's release form cleared him for light and regular duty. After one day at work, the employer received word from the doctor that a mistake had been made and the worker was, in fact, fit for light duty only. He was therefore temporarily assigned ashore and was injured while cleaning a duck blind.

The worker in *Savoie* was temporarily assigned to shore duty because of his injury. His regularly assigned duties were not changed by this temporary assignment, however, nor was the vessel to which he would have returned had he completed his

**600**

convalescence placed out of commission. By contrast, Smith's regularly assigned duties on Rig No. 20 were fundamentally changed when Rig No. 20 was shut down. His assignment to land was permanent—which, as in determination of residence, means no more than "for an indefinite period"—not temporary. Nothing in life, alas, is *permanent*.

For the reasons stated, we AFFIRM the district court's grant of summary judgment to the defendants in this case.