595 So.2d 751 (1992)
John D. GARNER
v.
POOL COMPANY OF TEXAS, et al.
No. 91-CA-1461.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1992.
Writ Denied May 8, 1992.
*752 John M. Deakle, Hattiesburg, Miss., and Patrick W. Pendley, Plaquemine, for plaintiff-appellant John D. Garner.
Robert C. Leininger, T. Justin Simpson, Leininger, Larzelere & Picou, Metairie, for defendant-appellee Pool Co. of Texas.
Before KLEES, PLOTKIN and JONES, JJ.
KLEES, Judge.
Plaintiff, John D. Garner, appeals the trial court's granting of a motion for summary judgment on behalf of defendant, Pool Company. We affirm.
Plaintiff was injured on November 7, 1988 when he fell while working for Pool Company as a floorhand on an offshore fixed platform owned by Freeport-McMoRan Resource Partners. As a result of this accident, plaintiff brought suit against Pool Company and Freeport McMoRan seeking damages under the Jones Act and general maritime law. Plaintiff also sought maintenance and cure.
On March 2, 1991, plaintiff moved to sever trial on the maintenance and cure claim so that it could be considered on an expedited basis. Plaintiff also waived his right to have this claim tried by a jury. The motion was granted, and, following a trial on the merits, the district court ruled that plaintiff was not entitled to maintenance and cure because he was not a seaman at the time of his injury.
Pool Company then brought a motion for summary judgment based on the "law of the case" doctrine. Defendant's motion asserted that, because the trial judge had already determined that plaintiff was not a seaman, plaintiff could have no viable claim under the Jones Act or the general maritime law. The trial court granted defendant's motion and dismissed Pool Company from the litigation. Plaintiff has appealed that judgment.
The "law of the case" doctrine holds that all trial court rulings are binding on the court during later stages of the trial. Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105, 107 n. 1 (1971). Of course, the doctrine does not prevent a higher court from examining the correctness of a ruling of the previous court. Id. 256 So.2d at 107.
In reviewing the trial court's granting of summary judgment, we must consider whether the court erred in its initial determination denying plaintiff seaman status. There were no facts in dispute which would have prevented summary judgment; rather, the trial court's decision was based solely on its prior finding, after trial on merits, that plaintiff was not a seaman.
An appellate court may disturb findings of fact made by a trial judge only when the record shows such findings to be manifestly erroneous. Viator v. Bishop, 488 So.2d 1228, 1230 (La.App. 4th Cir.1986). Our review of this record reveals no manifest error.
The trial judge found that plaintiff was not a seaman because, at the time of his injury, he had been permanently reassigned to a fixed platform. See Barrett v. Chevron U.S.A. Inc., 781 F.2d 1067 (5th Cir. 1986) (en banc); Smith v. Nicklos Drilling Co., 841 F.2d 598 (5th Cir.1988). This finding is supported by the evidence.
The only two witnesses at trial were the plaintiff and his supervisor at Pool Company, Bernard Collins. Plaintiff began working for Pool Company in 1976. From 1976 to 1981, he worked on fixed platforms. In 1981, he was transferred to Barge Rig *753 914 as a driller, where he stayed less than a year. Plaintiff was then transferred to Rig 918, also a floating barge rig. He remained on Rig 918, except for a three-month layoff, until August 29, 1988, when the rig finished its work for Exxon and was placed in the yard. Plaintiff maintained the rig in the yard for about one month. A friend of his then suggested that he go to work on the Freeport fixed platform. As a result of plaintiff's request, he was transferred to the Freeport platform on September 21, 1988. He remained on this platform until he was injured there on November 7, 1988.
Barge Rig 918, to which plaintiff had been assigned for over seven years, was never returned to work. In May of 1989, Pool Company sold Rig 918.
Bernard Collins testified that plaintiff's transfer to the Freeport Sulphur platform was a permanent reassignment. A personnel payroll transfer form designated the assignment as "full-time," which Mr. Collins said meant the assignment was permanent as opposed to temporary. Plaintiff testified that Mr. Collins had the authority to permanently reassign him, and that Collins was the one who normally made such assignments. Plaintiff stated that he was never told the assignment was permanent, and that he believed that he would eventually be put back on Rig 918 when it left the yard. Plaintiff admitted, however, that he normally did not receive verbal notification of a permanent transfer; his only notice that a change from one rig to another was permanent would be a change in his pay scale. When plaintiff was assigned to the Freeport platform, his pay scale did change.
We find the trial judge's factual conclusion that plaintiff was permanently reassigned to the Freeport platform to be clearly supported by the evidence. Mr. Collin's assertion that the assignment was permanent was uncontradicted and, in addition, was supported by the documentary evidence. The only indication to the contrary was plaintiff's subjective feeling that he would be reassigned to Rig 918, which in actuality was never returned to service.
The trial judge correctly applied the law to these facts in denying seaman status. Plaintiff's primary contention at trial was that he qualified as a seaman because the majority of his time at Pool Company had been spent working aboard floating barge rigs, which are considered vessels. However, in Barrett v. Chevron U.S.A. Inc., supra, at 1075-76, the court noted that in determining the substantiality of plaintiff's work aboard vessels, the court normally looks to the entire period of plaintiff's employment, except in cases where plaintiff has been permanently reassigned. Then it is appropriate to consider only plaintiff's work following the reassignment. Accord: McFarland v. Justiss Oil Co., Inc., 526 So.2d 1206, 1211-12 (La.App. 3d Cir.1988).
In Smith v. Nicklos Drilling Co., supra, a case with facts similar to the instant one, the plaintiff had worked for several years aboard his employer's floating barge rig. When that rig was retired from service, plaintiff was reassigned to a land rig. Three weeks later, plaintiff was injured on the land rig. Relying on Barrett, the court concluded that the plaintiff in Smith was not a seaman at the time his claim arose because his assignment to the land rig was permanent, which meant, "for an indefinite period." Smith, supra, at 599-600.
We do not find manifest error in the trial judge's reliance upon Barrett and Smith to make his determination that plaintiff was not a seaman under the facts of the instant case. Accordingly, we hold that the summary judgment dismissing plaintiff's Jones Act and other maritime claims against Pool Company was properly granted. We therefore affirm that judgment.
AFFIRMED.