**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2012

Lyle W. Cayce
Clerk

No. 12-30368
Summary Calendar

WORLDWIDE DETECTIVE AGENCY, INC.,

Plaintiff–Appellant

v.

CANNON COCHRAN MANAGEMENT SERVICES, INC., doing business as
CCMSI, formerly known as Management Services USA, Inc.; JERRY
ARMATIS,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1563

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Worldwide Detective Agency, Inc. ("Worldwide") appeals the district court's decision to grant summary judgment for Defendant–Appellee Cannon Cochran Management Services, Inc. ("CCMSI") on Worldwide's breach-of-contract claim against CCMSI. Worldwide also appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30368

the district court's decision to deny its second motion for remand.  For the following reasons, we AFFIRM  the district court's decisions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a municipal contract with the City of New Orleans (the "City"), CCMSI serves as a third-party administrator for the City's workers' compensation claims.  CCMSI in turn engaged Worldwide to provide investigative services in connection with its assessment of these claims.  CCMSI and Worldwide signed a Form DBE-1 which established that Worldwide, a qualified disadvantaged business enterprise (DBE), would provide CCMSI with these services, and that CCMSI was "committed to a minimum of 26% DBE utilization on [the] contract" between the City and CCMSI (the "municipal contract").  According to evidence offered by CCMSI, Worldwide was paid at least 26% of the fees earned by CCMSI during the years it was engaged to perform work for CCMSI.  Worldwide offers no evidence to dispute these figures.  In early March 2009, Jerry Armatis, CCMSI's vice-president, terminated Worldwide's services upon discovering that Worldwide did not have a private investigator's license and was the subject of a cease-and-desist order issued by the Louisiana State Board of Private Investigator Examiners.

On May 3, 2010, Worldwide filed suit against CCMSI in state court, alleging, *inter alia*, that it had not received the entirety of its 26% share of CCMSI's total interest in the municipal contract and sought damages for the remainder of what it was owed.

Worldwide joined Armatis to the suit, alleging fraud related to the termination of the purported contract between CCMSI and Worldwide.  CCMSI removed the matter to the Eastern District of Louisiana on May 25, 2010 on the basis of diversity jurisdiction, alleging that Armatis, a Louisiana resident and the only non-diverse party, was improperly joined.  The district court denied Worldwide's subsequent motion to remand, finding that the prescriptive period

2

for any actions against Armatis had expired, and thus, Worldwide had failed to plead a legally viable claim against Armatis. Because Armatis was the only non-diverse party, the district court found that it had subject-matter jurisdiction under 28 U.S.C. § 1332.

Worldwide then requested that the court reconsider its motion on the basis that newly obtained evidence showed Armatis improperly paid Worldwide with City funds, thus giving rise to a viable claim that could reasonably lead to recovery against Armatis. The court denied the second motion for remand on the grounds that Worldwide had still not shown any entitlement to an award for damages. Meanwhile, CCMSI filed a motion for summary judgment regarding Worldwide's breach-of-contract claim. The district court granted CCMSI's motion, and Worldwide timely appealed.

## II. DISCUSSION

### A.    Contract Dispute

### 1. Standard of Review

The court reviews the grant of a motion for summary judgment de novo, applying the same standard as the district court. *Threadgill v. Prudential Sec. Grp., Inc.*, 145 F.3d 286, 292 (5th Cir. 1998). Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006) (citing Fed. R. Civ. P. 56(c) (later re-worded and re-numbered as present Rule 56(a)). When considering a motion for summary judgment, the court must view all facts and evidence in the light most favorable to the non-moving party. *Id.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by (1) citing to particular parts of materials in the record, or (2) showing that the materials cited do not establish the absence of a genuine

dispute. Fed. R. Civ. P. 56(c)(1)(A)–(B). Furthermore, "[a] mere scintilla of evidence is insufficient to present a question for the jury." *Int'l Therapeutics, Inc. v. McGraw-Edison Co.*, 721 F.2d 488, 491 (5th Cir. 1983) (citing *Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir. 1969) (en banc), *overruled in part on other grounds*, *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 336–39 (5th Cir. 1997) (en banc)).

## 2. Analysis

Worldwide alleges that it entered into an oral contract with CCMSI which entitled it to a 26% share of the total interest CCMSI had in its municipal contract with the City. Even assuming that such a fee-sharing agreement did exist, the most Worldwide would be entitled to receive is 26% of CCMSI's total interest in the municipal contract. According to CCMSI's undisputed figures, Worldwide received more than 26% of the total interest in the municipal contract fee for the years in question. Therefore, without more evidence, it is unclear to what extent Worldwide claims any damages. The district court was correct in determining that Worldwide's unsupported assertions that it has not received the entirety of their 26% share, without more, do not survive summary judgment.

Furthermore, exactly what Worldwide claims to be the total interest of the municipal contract, from which Worldwide claims its 26% share, is ever-changing. For the first time on appeal, and citing only its expert witness's account, Worldwide argues that, in addition to 26% of any fees paid by the City, it is entitled to 26% of any amount "[the City] reimbursed CCMSI for costs and expenses . . . ."[1] Yet, Worldwide offers no evidence showing what

---

[1] Even within its latest brief, Worldwide is not entirely consistent in its assertions of what it is owed. At one point, referring to its expert-witness affidavit, Worldwide claims it "was owed 26% of the amount that the [City] reimbursed CCMSI for its costs and expenses[,]" while later arguing that all they seek is its "26% share of CCMSI's contract fee, exclusive of the expenses."

reimbursements, if any, CCMSI received from the City, nor does it offer evidence that Worldwide was not compensated for those amounts. Without more, this latest suggestion of entitlement to reimbursed costs and expenses does not amount to more than a "mere scintilla of evidence," as is required.

For its part, CCMSI denies the existence of an oral fee-sharing agreement altogether. In its effort to prove the existence of the alleged fee-sharing contract that could entitle Worldwide to any additional payment, Worldwide submitted affidavits of both its sole shareholder and an expert witness regarding the existence of the alleged contract. The district court found the affidavits did not satisfy Worldwide's burden of proof absent corroborating evidence. Though we need not reach the issue given our conclusion that Worldwide was paid all it would be entitled to under any such agreement, in an abundance of caution, we find for CCMSI on this issue as well.

Under Louisiana law, contracts in excess of $500 "must be proved by at least one witness and other corroborating circumstances." La. Civ. Code Ann. art. 1846. The party seeking to enforce performance bears the burden of proving the existence of the contract by a preponderance of the evidence. *B.M. Albrecht Elec., Inc. v. Griffin*, 413 So.2d 246, 247 (La. Ct. App. 1982). The trier of fact has great latitude in what to accept as corroborating evidence. *Id.* On appeal, in addition to its affidavits, Worldwide offers the argument that CCMSI's admission of having paid Worldwide at least 26% of its total interest in the municipal contract is corroborating evidence of a fee-sharing agreement. However, this merely proves that Worldwide was compensated at least 26% of CCMSI's total interest in the municipal contract, not that a fee-sharing contract existed. Therefore, by failing to offer sufficient corroborating evidence of an oral contract, Worldwide has failed to raise a genuine issue of material fact with regard to the existence of an oral fee-sharing contract with CCMSI.

No. 12-30368

To the extent that Worldwide urges a breach-of-contract claim against CCMSI for wrongfully terminating its services because it was unlicensed, the claim also does not survive summary judgment. Worldwide argues that by providing services to a municipality, a state exemption statute exempts the company from meeting Louisiana State licensing requirements. Worldwide points to the affidavit of Pat Englade with the Louisiana Board of Private Investigative Examiners (LBPIE), which had ordered Worldwide to cease and desist its investigative operations. The LBPIE affidavit states that the "action is considered closed until the agreement between his employer and CCMSI is produced and the services provided are evaluated pursuant to the exemption statute." Worldwide, however, has offered no evidence that it meets the requirements of any exemption statute, and thus, this claim does not survive summary judgment.

## B.    Motion to Remand

### 1. Standard of Review

"A determination that a party is improperly joined and the denial of a motion for remand to state court are questions of law reviewed *de novo.*" *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009). In determining whether a defendant is improperly joined, the Fifth Circuit asks "whether [the plaintiff] has any possibility of recovery against the party whose joinder is questioned." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotation marks omitted).

### 2.  Analysis

We find that the district court's decision to deny Worldwide's second motion for remand was proper. On appeal, Worldwide argues that because the district court had to rely on state law to rule that the prescriptive period had expired as to claims against Armatis, the denial of its motion for remand was

6

error.  This argument is without merit.  The standard is whether the plaintiff has a potentially viable claim against the questionably joined defendant, not whether state law must be used to reach that conclusion.  28 U.S.C. § 1332.

Furthermore, Worldwide's initial argument that Armatis is liable because he improperly paid Worldwide from City funds fails because Worldwide concedes in its brief that "Plaintiff's expenses were properly paid by [the City.]"

Accordingly, the judgment of the district court is AFFIRMED.