# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 14-31253
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2015

Lyle W. Cayce
Clerk

————

WORLDWIDE DETECTIVE AGENCY, INCORPORATED,

Plaintiff

v.

CANNON COCHRAN MANAGEMENT SERVICES, INCORPORATED,
doing business as CCMSI, formerly known as Management Services USA,
Incorporated; JERRY ARMATIS,

Defendants-Appellees

v.

DWAYNE G. ALEXANDER,

Movant-Appellant

————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1563

————

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

No. 14-31253

PER CURIAM:[*]

Worldwide Detective Agency, Inc. appeals the denial of its post-trial motions and moves to supplement the record on appeal. We AFFIRM the district court's judgment and DENY the motion to supplement.

Cannon Cochran Management Services, Inc. ("CCMSI") serves as a third-party administrator for the City of New Orleans' workers' compensation claims. It engaged Dwyane Alexander and his firm, Worldwide Detective Agency, Inc. (collectively, "Worldwide"), to provide investigative services in connection with its claim assessments. In March 2009, CCMSI terminated Worldwide's services after discovering that it did not have a private investigator's license and was subject to a cease-and-desist order by the Louisiana State Board of Private Investigator Examiners. Since that time, Worldwide has filed 14 lawsuits against CCMSI and other parties. It is currently subject to five injunctions arising out of those suits.

This case arose in May 2010, when Worldwide filed suit against CCMSI and its vice president, Jerry Armatis, for breach of contract and fraud. CCMSI removed the matter to federal court. The district court denied Worldwide's motions for remand and granted CCMSI's motion for summary judgment. Worldwide appealed, and we affirmed. *See Worldwide Detective Agency, Inc. v. Cannon Cochran Mgmt. Servs., Inc.*, 502 F. App'x 408, 412 (5th Cir. 2012).

In December 2013, more than a year after our decision, Worldwide filed various post-judgment motions under Federal Rule of Civil Procedure 60(b) in the district court, seeking to have the court's judgment annulled on the bases of invalidity, newly discovered evidence, and fraud. The district court denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31253

the motions, and Worldwide appeals to this court.    It has also moved to supplement the record on appeal.

## DISCUSSION

### I.    *Rule 60(b)(4) Motion*

We review the denial of a Rule 60(b)(4) motion *de novo*.  *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 302 (5th Cir. 2014).  Under Rule 60(b)(4), a court may grant relief from a void judgment, which includes those rendered by courts lacking jurisdiction.  *Id.* at 306.  Worldwide claims the district court lacked jurisdiction because a clause in the contract between CCMSI and the City specified that disputes were to be settled in state court.  The claim fails.

The first problem with the argument is that a party must file a Rule 60(b)(4) motion within a reasonable time.  FED. R. CIV. P. 60(c)(1); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).  Furthermore, a party is barred from challenging jurisdiction under Rule 60(b)(4) when the "party was before the court when the order in question was entered and had notice of it and had a full and fair, unimpeded opportunity to challenge it, and the court's jurisdiction, by appeal." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990).  CCMSI appended the contract upon which Worldwide now bases its jurisdictional argument to its May 2011 summary-judgment motion.  Despite possessing the contract, Worldwide failed to advance this argument and instead contested jurisdiction on other grounds.  *See Worldwide*, 502 F. App'x at 411-12.  Because Worldwide has had a full and fair opportunity to contest jurisdiction and did not raise its argument within a reasonable time, the court properly denied its Rule 60(b)(4) motion.

3

No. 14-31253

In addition, Worldwide is not a party to, nor is it mentioned in, the contract between CCMSI and the City. It is at most an incidental beneficiary to the contract. *See Davis Oil Co. v. TS, Inc.*, 145 F.3d 305, 310-11 (5th Cir. 1998). As a result, the jurisdictional provision upon which Worldwide relies is irrelevant for purposes of this suit.

As an alternative basis for its Rule 60(b)(4) motion, Worldwide claims that 28 U.S.C. § 1445(c) precludes federal jurisdiction. Section 1445(c), however, applies only to claims arising under workers' compensation laws. Moreover, Section 1445(c) is a procedural bar against removal that a party waives when, as here, it fails to raise the issue within 30 days of removal. *See* 28 U.S.C. § 1447(c); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993).

## II.    *Other Rule 60(b) Motions*

We review the denial of other Rule 60(b) motions for abuse of discretion. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). When considering such motions, courts are to weigh the equities of relief against "the great desirability of preserving the principle of the finality of judgments." *Seven Elves*, 635 F.2d at 402 (listing factors for consideration).

Worldwide claims the judgment against it should be annulled in light of "newly discovered" deposition transcripts from its suit against the Louisiana State Board of Private Investigator Examiners that purportedly demonstrate that it was not subject to a cease-and-desist order. *See* FED. R. CIV. P. 60(b)(2). We disagree. First, Worldwide failed to file its Rule 60(b)(2) motion within the prescribed one-year time period, and its appeal to this court did not toll that period. *See* FED. R. CIV. P. 60(c)(1); *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971). Second, Worldwide fails to provide any citations to

4

No. 14-31253

the transcripts supporting its claims. *Cf.* FED. R. APP. P. 28(a)(8)(A); *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) (collecting cases). Finally, the transcripts would not change the result of this case, *see Hesling*, 396 F.3d at 639-40, because the validity of the cease-and-desist order is immaterial to the court's conclusion that Worldwide failed to show that it contracted with CCMSI, was not paid what it was owed, or was exempt from the licensing requirements, *see Worldwide*, 502 F. App'x at 410-12.

Worldwide also claims it is entitled to relief from the judgment because CCMSI committed fraud by terminating its contract based on the pretext that it did not possess a private investigator's license and by removing the case against it to federal court. *See* FED. R. CIV. P. 60(b)(3). As with the prior claim, Worldwide failed to seek this relief within the prescribed time period. *See* FED. R. CIV. P. 60(c)(1); *Transit Cas.*, 441 F.2d at 791. Moreover, Worldwide has not shown that CCMSI engaged in fraud or that it was denied the opportunity to fully and fairly present its case. *See Hesling*, 396 F.3d at 641-42. Indeed, the district court rejected a similar fraud claim in its August 2012 judgment, and this court affirmed. *See Worldwide*, 502 F. App'x at 410-12.

Finally, Worldwide seeks relief under the catch-all provision of Rule 60(b), which permits the annulment of a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Although the one-year filing period does not apply to Rule 60(b)(6) motions, such motions must be filed within a reasonable time. *See* FED. R. CIV. P. 60(c)(1). As with its Rule 60(b)(4) motion, Worldwide did not meet this standard. Moreover, Worldwide has not shown the existence of "extraordinary circumstances" or explained how this claim differs from its claims under the other Rule 60(b) provisions, as required for relief under Rule 60(b)(6). *See Hesling*, 396 F.3d at 642.

5

### III.    *Motion to Supplement the Record*

Worldwide seeks to supplement the record on appeal with approximately 260 pages of documents. Some of these documents are already part of the record. The new documents principally consist of transcripts from the jury trial in Worldwide's suit against the Louisiana State Board of Private Investigator Examiners, which took place in December 2014. The jury found that Worldwide was not exempt from the licensing requirements, and Worldwide has filed post-trial motions and an appeal.

This court may grant a motion to supplement the record on appeal "[i]f anything material to either party is omitted from or misstated in the record by error or accident . . . ." FED. R. APP. P. 10(e)(2)(C). We rarely grant such motions, and are particularly reluctant to do so when the new evidence is part of a related, pending case. *Kemlon Prods. & Dev. Co. v. United States*, 646 F.2d 223, 224 (5th Cir. 1981).

The evidence Worldwide seeks to add to the record is from a related, pending case. It was produced after the district court issued its ruling in the current case, and amounts to a new factual basis for claims already decided by the district court. *See id.* As a result, Worldwide cannot demonstrate that the evidence was omitted from the appellate record by error or accident.

Additionally, the new evidence is immaterial. Had Worldwide attempted to introduce the trial transcripts from its case against the licensing board in the district court via a Rule 60(b)(2) motion, the motion would have been denied as untimely. *See* FED. R. CIV. P. 60(c)(1); *Transit Cas.*, 441 F.2d at 791. Indeed, the court denied a motion to introduce deposition testimony from the same case. In addition, while Worldwide claims the transcripts demonstrate that it entered into a contract with CCMSI and that CCMSI violated that

contract (claims CCMSI disputes), it fails to provide any citations to the transcripts supporting these claims. As a result, it has not shown the materiality of the evidence it seeks to introduce. *Cf.* FED. R. APP. P. 28(a)(8)(A); *Procter & Gamble*, 376 F.3d at 499 n.1 (collecting cases).

AFFIRMED. The motion to supplement the appellate record is DENIED.